834 July 29, 2026 No. 716

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of G. J.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

G. J.,
*Appellant.*

Multnomah County Circuit Court
25CC03535; A188061

Erin E. Kirkwood, Judge.

Argued and submitted May 19, 2026.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Jona Jolyne Maukonen, Assistant Attorney General, argued the cause for respondent. On the brief were Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Inge D. Wells, Assistant Attorney General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Vacated and remanded for entry of judgment containing notice required by ORS 426.130(4).

**O'CONNOR, J.**

Appellant appeals from a judgment committing him to the custody of the Oregon Health Authority (OHA) for a period not to exceed 180 days and prohibiting him from possessing or purchasing firearms. Appellant raises a single assignment of error, arguing that the trial court erred when it did not provide the complete firearms notice required by ORS 426.130(4) after committing him.[1] We conclude that the trial court erred in failing to give appellant the complete notice required by ORS 426.130(4). Accordingly, we vacate the general judgment committing appellant and remand with instructions to enter a judgment consistent with this opinion.

In this case, the relevant facts are few and undisputed. After a hearing, the trial court found that appellant suffered from a mental disorder and was dangerous to others. In the general judgment committing appellant, the court ordered that appellant was prohibited from purchasing or possessing firearms. The relevant portion of the judgment stated:

"Pursuant to ORS 426.130(1)(a)(D), it is the opinion of the court that there is a reasonable likelihood the [appellant] would constitute a danger to self or others or to the community at large as a result of the person's mental or psychological state as demonstrated by past behavior or participation in incidents involving unlawful violence or threats of unlawful violence, or by reason of a single incident of extreme, violent, unlawful conduct. *This order shall remain in effect until relief is granted under ORS 166.273.*"

(Emphasis added.) Appellant filed this appeal.

Appellant requests that we review for plain error because he did not preserve his argument. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) (explaining that "[g]enerally, an issue not preserved in the trial court will not be considered on appeal"); ORAP 5.45(1) (explaining that we have discretion to correct a "plain" error). However, we

---

[1] Appellant was committed under the 2025 version of the statutes. The statutory provisions discussed in this opinion—that is, ORS 426.100(1)(c), ORS 426.130(4), and ORS 426.130(1)(a)(D)—have since been renumbered. Or Laws 2025, ch 559, § 66. All references herein are to the version of the statutes under which appellant was committed. ORS 426.130(4) is now numbered ORS 426.130(5) in the 2026 version of the statute.

conclude that preservation was excused because "appellant had no way to know that the court would not be providing the required notice, and, once the judgment was entered, appellant had no meaningful opportunity to object." *State v. G. C.-M.*, 350 Or App 404, 410, ___ P3d ___ (2026) (excusing preservation of the appellant's argument that the trial court erred by failing to give the appellant the notice required by ORS 426.130(4)). We review for legal error. *Id.*

> "Under ORS 426.130(4), when the trial court finds a person to be a person with mental illness and either orders commitment under ORS 426.130(1)(a)(B) or (C) or enters a firearms order under ORS 426.130(1)(a)(D), the trial court 'shall notify the person that the person is prohibited from purchasing or possessing a firearm under state and federal law unless the person obtains relief from the prohibition from the Psychiatric Security Review Board under ORS 166.273 or under federal law.'"

*G. C.-M.*, 350 Or App at 408.

In *G. C.-M.*, which was decided after the parties filed their briefs and argued this case, we held that "the trial court erred in failing to give appellant the firearms notice required by ORS 426.130(4) after committing" the appellant in that case. *Id.* at 406. In *G. C.-M.*, the trial court entered the firearms order under ORS 426.130(1)(a)(D) and the judgment of commitment. But the court did not provide the appellant with the specific notice required by ORS 426.130(4). *Id.* at 408. The prohibition of possession of firearms did not notify the appellant that relief could be granted under ORS 166.273 or under federal law. *Id.* at 407-09.

In this case, appellant argues on appeal that the trial court failed to notify him pursuant to ORS 426.130(4) because it failed to notify appellant that he was prohibited from purchasing or possessing firearms under both state and federal law and that relief could be granted from the prohibition under federal law.

We agree that the trial court erred in failing to give appellant the statutorily required notice. ORS 426.130(4) expressly requires that the trial court notify the committed person that they are "prohibited from purchasing or possessing a firearm *under state and federal law* unless the person

obtains relief from the prohibition from the Psychiatric Security Review Board under ORS 166.273 *or under federal law*." (Emphases added.) Here, the trial court notified appellant in the general judgment that they were prohibited from purchasing or possessing firearms and that relief could be granted under ORS 166.273, the statutory authority for the Psychiatric Security Review Board to grant relief under state law.

We note that appellant received more information than the appellant in *G. C.-M.* because the general judgment in this case cited ORS 166.273 and noted that appellant could receive relief from the prohibition. However, the trial court still failed to notify appellant that that prohibition was pursuant to state and federal law and that relief from the prohibition could be granted under federal law. Therefore, the trial court erred in failing to give appellant the notice required under ORS 426.130(4).

We reject appellant's argument that the commitment should be reversed because of the trial court's failure to give the complete required notice and instead vacate and remand for entry of a new judgment that contains the notice. *G. C.-M.*, 350 Or App at 409 (rejecting the same argument because the error did not affect the conduct of the commitment hearing and vacating and remanding for entry of a new judgment).[2] Thus, we vacate the general judgment and remand with instructions to enter a judgment that includes a notice to appellant that appellant is "prohibited from purchasing or possessing a firearm under state and federal law unless [he] obtains relief from the prohibition from the Psychiatric Security Review Board under ORS 166.273 or under federal law."

Vacated and remanded for entry of judgment containing notice required by ORS 426.130(4).

_____

[2] *G. C.-M.* concludes that the notice "should have been included in the judgment." 350 Or App at 409. We note that the text of ORS 426.130(4) requires a trial court to provide notice when it commits a person but not does expressly dictate how the trial court should provide the required notice. Here, because the trial court provided incomplete notice in the judgment, we remand for entry of a judgment that provides a complete notice as described in this opinion.